
# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ISABEL LEYVA, ERICKA RODRIGUEZ, and JORGE LUIS ARRIAGA )<br><br>Plaintiff,<br><br>v.<br><br>CESAR'S RESTAURANT, INC.,<br><br>Defendant | )<br>)<br>)<br>)<br>)   Case No.<br>)<br>)   Judge<br>)<br>)   Magistrate Judge<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs Isabel Leyva, Ericka Rodriguez, and Jorge Luis Arriaga (hereafter "Plaintiffs"), through their attorneys, against Defendant Cesar's Restaurant, Inc., Caesar Italian Restaurant, Inc., (hereafter "Defendant") state as follows:

### I. NATURE OF THE CASE

16. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and Chicago Minimum Wage Ordinance ("CMWO") 1-24-010 *et seq.*, for Defendants': 1) failure to pay minimum wages to Plaintiffs in violation of the FLSA, IMWL, and CMWO; and 2) failure to pay overtime wages to Plaintiffs in violation of the FLSA and the IMWL. For claims arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA. For claims arising under the IMWL, Plaintiffs seek to certify these claims as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b). Plaintiffs' consent to act as Class Representatives in this Section 216(b) are attached as Exhibit A.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims and Chicago Ordinance pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred within this judicial district.

### III. PARTIES

**Plaintiffs**

3. During the course of her employment, Plaintiff Isabel Leyva:

   a. handled goods that moved in interstate commerce;

   b. Was an "employee" of Defendants as that term is defined by the FLSA, IMWL, and the CMWO;

   c. Was not exempt from the minimum wage or overtime requirements of the FLSA, IMWL and CMWO; and

   d. Has resided in and been domiciled in the state of Illinois and within this judicial district.

4. During the course of her employment, Plaintiff Ericka Rodriguez:

   a. handled goods that moved in interstate commerce;

   b. Was an "employee" of Defendants as that term is defined by the FLSA, IMWL, and the CMWO;

   c. Was not exempt from the minimum wage or overtime requirements of the FLSA, IMWL and CMWO; and

   d. Has resided in and been domiciled in the state of Illinois and within this judicial district.

5. During the course of his employment, Plaintiff Jose Luis Arriaga:

   a. handled goods that moved in interstate commerce;

   b. Was an "employee" of Defendants as that term is defined by the FLSA, IMWL, and the CMWO;

   c. Was not exempt from the minimum wage or overtime requirements of the FLSA, IMWL and CMWO; and

   d. Has resided in and been domiciled in the state of Illinois and within this judicial district.

**Defendant**

6. Within the relevant time period, Defendant Cesar's Restaurant, Inc:

   a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

   b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

   c. Has had two or more employees that have handled goods that have moved in interstate commerce; and

   d. Has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq*., and the CMWO 1-24-010.

### IV. FACTUAL BACKGROUND

7. Cesar's Restaurant, Inc., operates two restaurants in Chicago, Illinois. One of Defendant's Restaurant, which does business as Cesar's Killer Margaritas is located on 3166 N

Clark Street, Chicago, Illinois. The other of Defendant's restaurant, which does business as Cesar's Tacos is located on 2924 N Broadway, Chicago Illinois.

8. Defendant operates the two restaurants as a unified enterprise. For example,

   a) Defendant's two restaurants are under common management
   b) Defendant's restaurants operate with a common business purpose
   c) Defendant regularly requires its employees to work shifts at both restaurants during individual weeks and months.

9. Within the three years prior to the filing of this lawsuit, Defendant regularly failed to pay Plaintiffs and similarly situated employees at the federal, Illinois and Chicago ordinance mandated minimum rate of pay for all time worked. Rather, Defendant paid Plaintiffs and similarly situated employees a fixed amount of $40 per shift regardless of how many hours Plaintiffs and the Class worked.

10. Within the three years preceding the filing of this lawsuit, Defendant also engaged in illegal tip pooling arrangement. For example, managers of Defendant, including Defendant's principal officers, retained significant portions of Class Members' tips that Plaintiffs were entitled to.

11. Additionally, Defendant retained a flat rate of 5% from Class Members' tips to pay for credit card processing fees and was unjustly enriched by withholding this large percentage of Plaintiffs' and Class Members' tips for payment of alleged credit card processing fees.

12. Plaintiffs requested an accounting of the tips they and similarly situated employees had earned each day and of Defendant's methodology for distributing their tips pursuant to Defendant's alleged tip pooling arrangement. Defendant, and its managers, including

its principal officers, refused to provide any information to Plaintiffs regarding Defendant's methodology for distributing tips pursuant Defendant's alleged tip pooling arrangement.

13. Within the three years preceding the filing of this lawsuit, Defendants regularly directed Plaintiffs and similarly situated employees to work in excess of forty hours during individual work weeks.

14. Defendant failed to pay Plaintiffs and the Class at time and half the tipped employee regular rate required by the FLSA, the IMWL, and the CMWO for all time worked in excess of forty per week. Rather, as referenced above, Defendant compensated Plaintiffs and the class at a fixed shift rate of $40.00 that failed to compensate Plaintiffs and the Class at an overtime rate for all time worked in excess of forty per week.

15. Defendants' failure to compensate Plaintiff for all time worked in excess of forty (40) hours per week at time a half the federal, Illinois, and Chicago mandated minimum rate of pay violated the overtime requirements of the FLSA, the IMWL, and the CMWO.

## CLASS ACTION ALLEGATIONS

16. Plaintiffs will seek to certify as a class action pursuant to FRCP Rule 23 their state law claims arising under the IMWL for overtime wages (Count II). Plaintiffs will ask the Court to determine the rights of the parties pursuant to that statute and to direct Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

17. Counts II, III, V, and VI are brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

    a. The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at

      this time, Plaintiffs are informed and believe that Defendant has employed in excess of forty (40) individuals as tipped employees during the IMWL, Class Period.

b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of fact and law include, without limitation:

    i. Whether Defendant failed to pay Plaintiffs and the Class the tipped minimum rate of pay required by the FLSA, the IMWL and the CMWO;

    ii. Whether Defendant engaged in an invalid tip pooling arrangement;

    iii. Whether Defendant failed to pay Plaintiffs and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the relevant time Period;

c. The class representatives and the members of the class have been equally affected by Defendant's failure to pay overtime wages.

d. Members of the class will be reluctant to bring forth claims for unpaid wage violations for fear of retaliation.

e. The class representatives, class members, and Defendant have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating hardship on the class members, Defendant, and the Court.

18. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
### Violation of the FLSA – Minimum Wages
*Section 216(b) Collective Action*

Plaintiffs incorporate and reallege paragraphs 1 through 18 as though set forth herein.

19. This Count arises from a violation of the FLSA for Defendant's failure to pay Plaintiffs and similarly situated employees not less than the federally-mandated minimum wage rate for all hours worked in individual work weeks as described more fully in paragraphs 7-15, *supra*.

20. Defendant suffered and permitted Plaintiffs and similarly situated employees to work in multiple individual work weeks within the three years prior to Plaintiffs filing this lawsuit.

21. Plaintiffs and similarly situated employees were not exempt from the minimum wage provisions of the FLSA.

22. Plaintiffs were entitled to be paid not less than the federally-mandated minimum wage for all hours worked in individual work weeks.

23. Defendant did not pay Plaintiffs and similarly situated employees the federally-mandated minimum wage for all hours worked in individual work weeks as described more fully in paragraphs 7-15, *supra*.

24. Defendant's failure to pay Plaintiffs and similarly situated employees the federally-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the FLSA.

25. Plaintiffs are entitled to recover unpaid minimum wages for up to three years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage rate paid to Plaintiffs.

C. Liquidated damages in the amount equal to the unpaid minimum wages;

D. That the Court enjoying Defendant from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

F. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the IMWL - Minimum Wages
*Plaintiffs on behalf of themselves and similarly situated employees*

Plaintiffs incorporate and re-allege paragraphs 1 through 23 as though set forth herein.

26. This Count arises from Defendant's violation of the IMWL for their failure to pay Plaintiff and similarly situated employees the Illinois mandated minimum wage rate for all time worked in individual work weeks as described more fully in paragraphs 7-15, *supra*.

27. Defendant suffered or permitted Plaintiffs and similarly situated employees to work within the three years prior to the filing this lawsuit.

28. Plaintiffs and the Class were not exempt from the minimum wage provisions of the IMWL.

29. Plaintiffs and similarly situated employees were entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

30. Defendants did not pay Plaintiffs and similarly situated employees the Illinois-mandated minimum wage for all hours worked in individual work weeks as described more fully in paragraphs 7-15, *supra*.

31. Defendant's failure to pay Plaintiffs and the Class the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

32. Pursuant to Section 12(a) of the IMWL, Plaintiffs and the Class are entitled to recover unpaid wages and statutory interest for three (3) years prior to the filing of this suit.

33. The Class that Plaintiffs seek to represent in regard to their minimum wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendant as a tipped employee since July 5, 2014 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all wages owed due to Plaintiffs and the Class as provided by the IMWL;

C. That the Court declare that Defendant has violated the IMWL;

D. That the Court enjoin Defendant from further violating the IMWL;

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/12;

F. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the CMWO– Minimum Wages

*Plaintiffs on behalf of themselves and similarly situated employees*

Plaintiffs incorporate and re-allege paragraphs 1 through 33 as though set forth herein.

34. This Count arises from Defendants' violation of the CMWO for their failure to pay Plaintiffs and similarly situated employees the Chicago mandated minimum wage rate for all time worked in individual work weeks as described more fully in paragraphs 7-15, *supra*.

35. Defendant suffered or permitted Plaintiffs and similarly situated employees to work within the three years prior to the filing this lawsuit.

36. Plaintiffs and the Class were not exempt from the minimum wage provisions of the CMWO.

37. Plaintiffs and similarly situated employees were entitled to be paid not less than the city of Chicago-mandated minimum wage for all hours worked in individual work weeks.

38. Defendant did not pay Plaintiffs and similarly situated employees the Chicago-mandated minimum wage for all hours worked in individual work weeks as described more fully in paragraphs 7-15, *supra*.

39. Pursuant to CMWO 1-24-110, Plaintiffs and the Class are entitled to recover unpaid minimum wages.

40. The Class that Plaintiffs seek to represent in regard to their minimum wage claim arising under the CMWO is composed of and defined as all persons who have been employed by Defendant as a tipped employee since July 5, 2014 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiffs prays for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all unpaid minimum wages due to Plaintiff as provided by the CMWO;

C. Liquidated damages in an amount three time the amount of That the Court declare that Defendants have violated the CMWO;

D. That the Court enjoin Defendants from further violating the CMWO;

E. Fines of $1000.00 for each offense as provided for in CMWO 1-24-100;

F. Reasonable attorneys' fees and costs of this action as provided by the CMWO 1-24-110;

G. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Fair Labor Standards Act- Overtime Wages

41. Plaintiffs incorporate and re-alleges paragraphs 1 through 40 of this Complaint, as though set forth herein.

42. The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA.

43. Defendants suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendants.

44. Plaintiffs were not exempt from the overtime wage provisions of the FLSA.

45. Defendant violated the FLSA by failing to compensate Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

46. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendant's violation was willful.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks.

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendants have violated the FLSA;

D. That the Court enjoin Defendant from violating the FLSA;

  E.  Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

  F.  Such other and further relief as this Court deems appropriate and just

## COUNT V
### Violation of the Illinois Minimum Wage Law- Overtime Wages

  47.  Plaintiffs incorporate and re-allege paragraphs 1 through 46 of this Complaint, as though set forth herein.

  48.  The matters set forth in this Count arise from Defendant's violation of the overtime wage provisions of the IMWL.

  49.  Defendant suffered or permitted Plaintiffs and similarly situated employees to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendants.

  50.  Plaintiffs and similarly situated employees were not exempt from the overtime wage provisions of the IMWL.

  51.  Defendant violated the IMWL by failing to compensate Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiffs' regular rate of pay as referenced in paragraphs 7-15 s*upra*.

  52.  Pursuant to 820 ILCS 105/12(a), Plaintiffs and similarly situated are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

  53.  The Class that Plaintiffs seek to represent in regard to their overtime wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendant as a tipped employee since July 5, 2014 up through and including the date of filing of this lawsuit.

  WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

  A. That the Court determine that this action may be maintained as a class action

        pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.   A judgment in the amount of all overtime wages due to Plaintiff and the Class as provided by the IMWL;

C.   Statutory damages for Plaintiffs and the Class pursuant to the formula set forth in 820 ILCS 105/12(a);

D.   That the Court declare that Defendant has violated the IMWL;

E.   That the Court enjoin Defendant from violating the IMWL;

F.   Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

G.   Such other and further relief as this Court deems appropriate and just.

## COUNT VI
## Violation of the CMWO- Overtime Wages

54.     Plaintiff incorporates and re-alleges paragraphs 1 through 53 of this Complaint, as though set forth herein.

55.     The matters set forth in this Count arise from Defendant's violation of the overtime wage provisions of the CMWO.

56.     Defendant suffered or permitted Plaintiffs and similarly situated employees to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendants.

57.     Plaintiffs and similarly situated employees were not exempt from the overtime wage provisions of the CMWO.

58.     Defendants violated the CMWO by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks at time and a half at least the minimum wage mandated by the CMWO.

59.     Pursuant to CMWO 1-24-110, Plaintiffs and the Class are entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

60. The Class that Plaintiffs seek to represent in regard to their overtime wage claim arising under the CMWO is composed of and defined as all persons who have been employed by Defendant as a tipped employee since July 5, 2014 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all overtime wages due to Plaintiffs and the Class as provided by the CMWO;

C. Liquidated damages in the amount equal to three times the unpaid overtime wages;

D. That the Court declare that Defendant has violated the CMWO;

E. That the Court enjoin Defendant from violating the CMWO;

F. Reasonable attorneys' fees and costs of this action as provided by the CMWO, 1-24-110; and

G. such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: July 5, 2017

s/Alvar Ayala
Alvar Ayala
Christopher J. Williams
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiff's Attorneys